**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SIR GIORGIO SANFORD CLARDY, | No. 19-35419 |
| Plaintiff-Appellant, | D.C. No. 6:18-cv-01200-CL |
| and | |
| UNNAMED O.D.O.C. PRISONERS, | MEMORANDUM[*] |
| Plaintiff, | |
| v. | |
| TODD BYERLY; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted April 7, 2020[**]

Before:     TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Oregon state prisoner Sir Giorgio Sanford Clardy appeals pro se from the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to pay the filing fee after denying Clardy's motion to proceed in forma pauperis ("IFP"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's interpretation and application of 28 U.S.C. § 1915(g). *Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007). We affirm.

The district court properly dismissed Clardy's action because Clardy had filed at least three prior actions in federal court that were dismissed for being frivolous or malicious, or for failing to state a claim, and failed to allege plausibly that he was "under imminent danger of serious physical injury" at the time that he lodged the operative amended complaint. 28 U.S.C. § 1915(g); *Andrews*, 493 F.3d at 1055 (an exception to the three-strikes rule exists only where "the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

We reject as meritless Clardy's contention that the "three strikes" provision of the Prison Litigation Reform Act is an unconstitutional violation of a prisoner's right of access to the courts. *See Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (the "three strikes" provision does not violate a prisoner's right of access to the courts).

**AFFIRMED.**

19-35419